Rita A. COGSWELL, Plaintiff,

v.

State of New York Hearing Examiner William RODRIQUEZ, Esq., County of Suffolk Deputy Sheriff's Dept. Deputy J. Bolleteri, G. Lynn, and E. Kennedy, Defendants.

No. 02–CV–4281(ADS)(ARL).

United States District Court,
E.D. New York.

Jan. 24, 2004.

Rita Ann Cogswell, Ronkonkoma, NY, for Plaintiff Pro Se.

Eliot Spitzer, Attorney General of the State of New York, by Ralph Pernick, Assistant Attorney General, Mineola, NY, for the Defendant State of New York Hearing Examiner William Rodriquez, Esq.

Suffolk County Attorney's Office, by Arlene S. Zwilling, Assistant County Attorney, Hauppauge, NY, for the Defendants County of Suffolk Deputy Sheriff's Dept. Deputy J. Bolleteri, G. Lynn, and E. Kennedy.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Pending before the Court is a motion by the defendant State of New York Hearing Examiner William Rodriquez, Esq. ("Rodriquez") to dismiss the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In the alternative, Rodriquez moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Fed.R.Civ.P.

## I. BACKGROUND

### A. Procedural History

On July 30, 2002, Rita Anne Cogswell ("Cogswell" or the "plaintiff"), proceeding *pro se*, commenced this action against Suffolk County, Hearing Examiner Rodriquez, Suffolk County Sheriff's Department, Deputy J. Bolleteri, and E. Kennedy. On October 2, 2002, the plaintiff filed an amended complaint, asserting claims for malicious prosecution, conspiracy to commit fraud, conspiracy to commit perjury, conspiracy to deceive, violation of civil rights, violation of the right to privacy, malfeasance, slander, harassment, prejudice, discrimination, breaking and entering, false arrest, defamation, illegal search and seizure and bias.

In a memorandum of decision and order, dated April 22, 2003, the Court dismissed the amended complaint because of Cogswell's failure to comply with Fed.R.Civ.P. 8(a). The Court granted the plaintiff leave to file a second amended complaint and directed her to (1) allege and number each cause of action separately; (2) include sufficient factual information for each cause of action to put each defendant on notice of the allegedly wrongful conduct with which the defendant is charged, including places, dates, times and the names of persons allegedly involved; and (3) include simple and clear factual allegations of wrongdoing without including excess verbiage. The Court advised the plaintiff that, if the second amended complaint merely substantially repeated and reiterated the present amended complaint, it would be dismissed with prejudice and that sanctions may be imposed.

On May 8, 2003, the plaintiff filed a second amended complaint against Rodriquez, Deputy Bolleteri, G. Lynn, and E. Kennedy. On July 14, 2003, the defendants Bolleteri, Lynn, and Kennedy filed their answer.

## B. The Second Amended Complaint

In the second amended complaint, the plaintiff describes various incidents arising out of a child support hearing in the Suffolk County Family Court. On July 16, 2001, the plaintiff appeared for a child support hearing before Hearing Examiner Rodriquez, who was assigned to preside. Upon meeting the plaintiff and the father of her child, Rodriquez "told [the parties] to fight out in the hallway [sic] because he did not want to get involved." The plaintiff claims that Rodriquez refused to meet with her.

Cogswell claims that, on July 17, 2001, Rodriquez made a request to the Family Court judge that the plaintiff be arrested for her failure to appear for the hearing that was scheduled the previous day. On August 1, 2001, pursuant to the warrant, the plaintiff waited several hours in the Family Court to meet with Rodriquez. The complaint does not make clear whether she ever met with Rodriquez that day. In any event, on the same day, another warrant for her arrest was issued by the Family Court judge based on "erroneous information" provided by Rodriquez. Although Rodriquez had her arrested for failing to appear at a scheduled child support hearing, the plaintiff asserts that it was Rodriquez who "refused to see [her] until December of 2001."

Cogswell further asserts that, on August 31, 2001, Deputies Bolleteri, Lynn, and Kennedy broke into her home and falsely arrested her. While she was being arrested, the plaintiff's boyfriend informed the officers that the arrest was being recorded. The plaintiff claims that the officers seized the tape and that her boyfriend was arrested for obstructing justice. At the Suffolk County Sheriff's Office, Lynn informed the plaintiff that she was arrested for failing to appear for a child support hearing and for failing to pay child support.

The plaintiff also claims that, in January 2002, Rodriquez had her vehicle towed and auctioned off without a hearing or any notice due to late payments on her child support. In addition, she asserts that "Mr. Rodriquez, Esq. has also notified the CSEB that my name is Rita Morales, and adjudged, again numerous money judgments under this name...." Due to the numerous judgments against the plaintiff, Cogswell alleges that her drivers license was suspended.

Although the second amended complaint is not a model of clarity, it appears that the plaintiff claims that she was denied due process and equal protection under

the Fourteenth Amendment and that she was falsely arrested. Rodriquez now moves to dismiss that plaintiff's second amended complaint for failure to comply with Rule 8. In the alternative, he moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) based on, among other things, the *Rooker–Feldman* doctrine, absolute judicial immunity, and the Younger abstention doctrine.

## II. DISCUSSION

### A. As to compliance with Rule 8

■ Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). Each averment in the complaint must be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). The Second Circuit has explained that:

> **The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.**

*Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) (internal quotations and citations omitted); *see also Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (stating that "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") (citations omitted).

Here, the second amended complaint is verbose and somewhat disjointed, but it is not so impenetrable that it fails to give Rodriquez adequate notice of the substance of the plaintiff's claims. The second

amended complaint gives enough particularity so that the defendants can formulate an answer. Indeed, Deputies Bolleteri, Lynn, and Kennedy filed their answer to the second amended complaint. Thus, the motion by Rodriquez to dismiss the second amended complaint based on the plaintiff's failure to comply with Rule 8 is denied.

### B. Standard of Review for Motion to Dismiss

#### 1. Rule 12(b)(1)

■ When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *See Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir. 2001); *Antares Aircraft, L.P. v. Fed. Rep. of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in the affidavits may not be considered. *See Kamen v. AT & T,* 791 F.2d 1006, 1011 (2d Cir.1986).

#### 2. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191

F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)).

### 3. The Plaintiff's *Pro Se* Status

The Court is mindful that the plaintiff is proceeding *pro se* and that her submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, 652 (1972)). District courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, the Court is also aware that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law...." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citation omitted).

### C. Rooker–Feldman Doctrine

To the extent that the second amended complaint seeks to challenge the Family Court's determinations, this Court lacks subject matter jurisdiction to decide the claims under the *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir.1995), and "federal review, if any, can occur only by way of a certiorari petition to the Supreme Court," *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998).

This doctrine also prohibits a district court review of state court judgments to claims that are "inextricably intertwined" with a state court's determinations. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir.2002). A claim is inextricably intertwined when "at a minimum, ... a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), ... [and] the claim ... would be barred under the principles of preclusion." *Id.* (internal quotations and citation omitted). On the other hand, "where the claims were never presented in the state court proceedings and the plaintiff did not have an opportunity to present the claims in those proceedings, the claims are not 'inextricably intertwined' and therefore not barred by *Rooker–Feldman.*" *Id.* at 118 (internal quotations and citation omitted).

Cogswell's allegations that Rodriquez denied her due process and equal protection arise from the Family Court's determinations regarding child support. The plaintiff's principal complaint is that she was denied due process because she

was not given a hearing to determine the amount of child support that was owed and that she was not given notice that her vehicle would be seized due to her failure to pay child support. These claims are inextricably intertwined with the state court's determinations and could have been raised in state court, either in the Family Court or on appeal. Accordingly, the *Rooker–Feldman* doctrine bars the plaintiff from relitigating these issues that were decided by Hearing Examiner Rodriquez.

In liberally construing the second amended complaint, it appears that the plaintiff also claims that Rodriquez contributed to her false arrest. The record does not reveal that Cogswell's claim for false arrest was actually and necessarily decided by the state court. As such, at this juncture, the *Rooker–Feldman* does not bar the claim for false arrest.

Assuming that there is jurisdiction over all of the plaintiff's claims, the Court now addresses the remaining grounds in support of the motion to dismiss the complaint.

### D. As to the Motion to Dismiss under Rule 12(b)(6)

#### 1. Absolute Judicial Immunity

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 9–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Maestri v. Jutkofsky,* 860 F.2d 50, 52–53 (2d Cir.1988). The rule of absolute judicial immunity is necessary because "principled and fearless decision-making" will be compromised if a judge "fears that unsatisfied litigants may hound him with litigation charging malice or corruption." *Vasile v. Dean Witter Reynolds Inc.,* 20 F.Supp.2d 465, 489 (E.D.N.Y.1998) (internal quotations and citation omitted).

The Supreme Court has emphasized that the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). Absolute immunity exists "however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 347, 20 L.Ed. 646 (1871). Indeed, the doctrine of judicial immunity is so expansive that it is overcome only when (1) the action is nonjudicial, *i.e.,* not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286.

Immunity extends not only to judges but to other persons engaged in a judicial function, which is defined as the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Burns v. Reed,* 500 U.S. 478, 498–502, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Hearing examiners are deemed to be the functional equivalent of judges for purposes of absolute immunity. *Butz v. Economou,* 438 U.S. 478, 513, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir.1987).

Here, Cogswell's claims against Rodriquez stem from his actions while presiding over the child support proceeding in Family Court. Nothing in the record suggests that Rodriquez was without jurisdiction over the proceeding or that he acted outside his judicial capacity. *See Vasile,* 20 F.Supp.2d at 489. That the proceeding may have allegedly been conducted in an irregular or erroneous manner does not abrogate the immunity. *Stump,* 435 U.S. at 363 n. 12, 98 S.Ct. 1099. As such,

Rodriquez is entitled to absolute judicial immunity against damages claims resulting from the acts of which the plaintiff complains. Accordingly, all the claims against Rodriquez are dismissed.

### 2. Younger Abstention

In addition, to the extent that the plaintiff seeks declaratory and injunctive relief, those claims must be dismissed under the Younger abstention doctrine. In the "interests of comity and federalism," the Younger abstention doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 237–38, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984). Thus, a federal court should abstain from interfering with pending state litigation when (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review in the state courts of his constitutional claims. *Gentner v. Shulman,* 55 F.3d 87, 88–90 (2d Cir.1995).

Here, as noted above, the plaintiff's claims against Rodriquez stem from the pending state court proceedings involving child support. In addition, these proceedings involve family relations which is an important state interest. *See Phifer v. City of New York,* No. 99 Civ. 4422, 1999 WL 722013, *1, 1999 U.S. Dist. LEXIS 14436, at *2 (S.D.N.Y. Sept. 16, 1999). Furthermore, although the plaintiff asserts federal civil rights claims, she does not deny her ability to raise these claims in state court *Id.* As such, the Court finds that the claims asserted against Rodriquez fall squarely within the ambit of the Younger abstention doctrine, as the plaintiff can raise her claims in the context of the pending proceedings in the New York State court system. Accordingly, this Court abstains from adjudicating the claims against Rodriquez.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that Rodriquez's motion to dismiss the second amended complaint for failure to comply with Rule 8 is **DENIED;** and it is further

**ORDERED,** that the motion to dismiss the complaint in its entirety against defendant Rodriquez is **GRANTED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption of this case to read as follows:

Rita A. Cogswell, Plaintiff,

against

County of Suffolk Deputy Sheriff's Dept. Deputy J. Bolleteri, G. Lynn, and E. Kennedy, Defendants.

**SO ORDERED.**